In the Matter of the Claim of SELMA R. SCHREIBER, Respondent, against GROSSMAN & SPIEGEL et al., Appellants. WORKMEN'S COMPENSATION

BOARD, Respondent.—Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. In its formal findings of fact the board has found that claimant, a sewer and finisher employed by a coat and suit manufacturer, became "disabled due to pain and swelling in her right middle finger, an occupational disease under the Workmen's Compensation Law which was contracted due to the nature of her employment requiring the constant use of a thimble on that finger." The board's memorandum decision contains the additional statements: "Claimant has osteoarthritis in the fingers of both hands. A Board Medical Examiner on February 20, 1958 reports that the right middle finger has a large painful joint at the distal joint and although there are arthritic changes in the fingers of both hands, this finger is the only one that is painful." Although the board denominates the "pain and swelling" as a "disease", the medical opinions in evidence are unanimous that the condition or disease is osteoarthritis. The testimony that the work could not have produced the osteoarthritis is uncontradicted. The only evidence of any causal relation is that the osteoarthritis, present in a number of fingers, was aggravated in the thimble finger as a result of the work. In this factual situation, *Matter of Detenbeck* v. *General Motors Corp.* (309 N. Y. 558) is controlling. While it might be said that there is, within the purview of that case, a "recognizable link" between the ultimate aggravated condition and a "distinctive feature" of the job, there is no evidence whatsoever that would even tend to meet the additional requirement of *Detenbeck* that the osteoarthritic condition be one which "would ordinarily be an occupational disease", and indeed, as has been noted, the only evidence bearing on that question is to the contrary. Decision and award reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.